**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

Robert S. Friedman
212.634.3058 direct
rfriedman@sheppardmullin.com

**MEMO ENDORSED**

May 4, 2021

The Honorable Kenneth M. Karas (U.S.D.J.)
Federal Building and United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601

Re:   <u>LMREC III Note Holder, Inc. v. Hudson EFT LLC, et al., Case No. 20-CV-5063(KMK)</u>

Dear Judge Karas:

We represent Plaintiff LMREC III Note Holder, Inc. ("Plaintiff") in the referenced matter, which is the holder of the first priority mortgage on the real property located at 80 Main Street, Ossining, New York, 10562 (the "Property").  We write jointly with Defendants' counsel to address the upcoming fact discovery deadline of May 6, 2021.

Pursuant to Your Honor's Order dated March 29, 2021 (Dkt. No. 125), the end date for fact discovery is scheduled for May 6, 2021 (the "Order"). This deadline was marked as "final". Since the entry of that Order, Plaintiff and Defendants Hudson EFT LLC (the "Borrower"), Hugo Subotovsky, Guido Subotovsky, William Clarke, and Samuel Gaccione (the "Guarantors", and together with Borrower, the "Defendants",  and with Plaintiff, the "Parties") have been engaged in substantive settlement discussions and have exchanged drafts of settlement documents.  In order to avoid incurring unnecessary legal expenses, and to allow the Parties to focus all their attention on negotiating a global resolution of the issues, the Parties suspended discovery since the Order.

Last Thursday, April 29, 2021, the Parties reached a preliminary agreement on the conceptual terms of a global settlement, however that agreement is neither finalized, documented, nor binding as of this writing.  Although the Parties are continuing to work diligently on finalizing the settlement, (i) there is no certainty that a final settlement agreement will be reached, and (ii) even if a final settlement agreement is reached, it may not occur before the fact discovery deadline of May 6, 2021.

The Parties held a meet and confer on May 3, 2021 in an effort to clarify certain issues and come to an agreement regarding the end of fact discovery.  The Parties remain in disagreement as to how to proceed in the event the settlement fails completely or the settlement documents are not executed by the fact discovery deadline of May 6, 2021. Accordingly, the Parties' respective positions regarding fact discovery are set forth below:

**Plaintiff's Proposal**

The Amended Complaint (Dkt. No. 66) includes three causes of action.  The first cause of action in Plaintiff's Amended Complaint is a claim for foreclosure.  The second cause of action is a breach of contract claim against Borrower based upon various monetary and non-

**SheppardMullin**

The Honorable Kenneth M. Karas (U.S.D.J)
May 4, 2021
Page 2

monetary events of default which Plaintiff contends occurred due to Borrower's breach of certain loan documents and agreements. Plaintiff's third cause of action seeks a judgment for deficiency against the Guarantors upon the sale of the Property.

Plaintiff believes that no further discovery is necessary on the first and second causes of action for foreclosure and breach of contract as it relates to events of monetary default by Defendants beyond May 6. Following the close of fact discovery, and consistent with Rule II-A of Your Honor's Individual Rules of Practice, Plaintiff seeks approval to move for summary judgment on those claims in order to foreclose and sell of the Property at issue. For the avoidance of doubt, Plaintiff is not seeking approval to move for summary judgment for non-monetary defaults at this time.

As the potential sale value of the Property at a foreclosure auction is presently not known, and will not be known until an auction is publicly held, Plaintiff believes that the issue of the deficiency, and discovery relating thereto as well as to any non-monetary events of default, should be preserved until the conclusion of the auction, at which point such discovery would resume and continue for a period of ninety (90) days thereafter. This proposal will benefit all of the Parties to the action because it will avoid unnecessary and costly discovery on an issue that may never arise if the Property sells for an amount greater than the amount owed to Plaintiff. Accordingly, while Plaintiff does not seek an extension with respect to the first and second causes of action as it relates to events of monetary default, it expressly reserves its right to pursue discovery with respect to non-monetary events of default alleged in the Amended Complaint, including voluntary liens and waste. We therefore respectfully request that discovery is stayed on the issue of the deficiency judgment and any and all events of non-monetary default that are alleged to have occurred to date, until the conclusion of the auction for sale, at which point such discovery would commence and continue for a period of ninety (90) days thereafter. Of course, in the event summary judgment is denied, discovery would commence immediately on all three causes of action and continue for a period of ninety (90) days thereafter.

**Defendants Hudson EFT LLC's, Guido Subotovsky's and Hugo Subotovsky's Proposal**

Defendants Hudson EFT LLC, Guido Subotovsky and Hugo Subotovsky[1] (the "Hudson and Subotovsky Defendants") believe that discovery is necessary on Count I, II and III, beyond May 6. The Parties all acknowledge that discovery was delayed in joint pursuant of a settlement, which is still in motion. The Hudson and Subotovsky Defendants believe that in order to oppose Plaintiff's anticipated motion for summary judgment, and for the Hudson and Subotovsky Defendants to file their own motion for summary judgment on certain portions of Count I, Count II and/or Count III, it would be prudent and efficient to extend all discovery deadlines for an additional thirty (30) day period. The Parties have, and are anticipated to continue to expend their efforts in finalizing a settlement of this action, rather than being distracted by having to complete discovery forthwith. There are valid issues regarding whether there is any personal liability under Guaranty of Recourse Obligations executed by the individual defendants in favor

---

[1] Defendant Hudson EFT LLC is the borrower, and Defendants Guido Subotovsky and Hugo Subotovsky are recourse guarantors.

**SheppardMullin**

The Honorable Kenneth M. Karas (U.S.D.J)
May 4, 2021
Page 3

of Plaintiff, and this is an issue that requires discovery. There are issues of fact for discovery concerning the individual defendants' defenses to the Count III, but which are directly related to any defaults of the Borrower (Hudson EFT LLC) under Count I and Count II. Therefore, it is respectfully requested that rather than limit discovery to Count III, that the discovery remain open for an additional thirty (30) day period beyond the present May 6, 2021 discovery ending date.

**Defendants William Clarke's and Samuel Gaccione's Proposal**

Defendants Clarke and Gaccione do not believe this is the time for motion practice. It is undisputed, and in fact previously, explicitly noted by Plaintiff that: (a) the Parties have been engaged in substantive settlement discussions and drafted and exchanged detailed settlement documents; (b) the Parties have focused all of their attention on negotiating a global resolution of the issues; and (c) these negotiations necessarily required the Parties to suspend discovery in order to focus all effort on resolving issues on a settlement and to avoid unnecessary legal expenses. As such, Defendants Clarke and Gaccione respectfully request a final global extension of the discovery cutoff dates for an additional ninety (90) days in light of the advanced stage of settlement discussions and the preparation of settlement documents. We are confident that such an extension will provide a sufficient cushion to consummate the settlement or complete discovery in the extremely unlikely event that the settlement falls through during the coming days. A deal is that close.

Alternatively, if the Court sees fit to grant the relief sought by Plaintiff, Defendants Clarke and Gaccione respectfully request that the stay of discovery be lifted upon the Court's issuance of an order denying Plaintiff's proposed motion for partial summary judgment <u>or</u> the conclusion of an auction of the Property, whichever occurs <u>earlier</u>. In the unlikely event that the Parties' contemplated settlement fall through, Defendants Clarke and Gaccione would apply to this Court to lift the stay sooner.

Should the Court require a conference to discuss these proposals in more detail, the Parties can be available at a date and time most convenient for the Court.

We thank the Court for its consideration of this request.

Respectfully,

s/ Robert S. Friedman

Robert S. Friedman
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

**The Court will extend the fact discovery deadline with respect to all Counts for an additional 60 days--until July 6, 2021--in order to provide the Parties with ample time to finalize a settlement agreement. If the Parties anticipate needing additional time, they should write to the Court well in advance of the deadline, and the Court will schedule a status conference.**

**So Ordered.**

**May 7, 2021**

**SheppardMullin**

The Honorable Kenneth M. Karas (U.S.D.J)
May 4, 2021
Page 4

Respectfully,

s/ Gary Rosen

Gary Rosen
for Rosen Law LLC
Attorneys for Defendants Hudson EFT LLC, Guido Subotovsky and Hugo Subotovsky


Respectfully,

s/ Erik A. Ortmann

Erik A. Ortmann
Adam M. Marshall
for Kaufman Dolowich & Voluck, LLP
Attorneys for Defendants William Clarke and Samuel Gaccione

cc:     *All counsel* (via ECF only)