UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
LMREC III NOTE HOLDER, INC.,

                Plaintiff,

-against-

HUDSON EFT LLC, GUIDO SUBOTOVSKY,
SAMUEL GACCIONE, HUGO SUBOTOVSKY,
WILLIAM CLARKE, NOBLE ELEVATOR
COMPANY INC., SHAWN'S LAWNS INC., VSP
MECHANICAL INC., GEBERTH ELECTRIC INC.,
GAC BUILDERS LTD., BRIDGE MECHANICAL
CORPORATION, UPPER RESTORATION, INC.,
AND JOHN DOE #1 THROUGH JOHN DOE #10,

                Defendants.
------------------------------------------------------------------ x

No. 7:20-cv-05063
(KMK)(PED)

**DECLARATION OF SOPHIA L. CAHILL IN SUPPORT OF PLAINTIFF LMREC III NOTE HOLDER, INC.'S ORDER TO SHOW CAUSE FOR DEFAULT JUDGMENT AGAINST DEFENDANTS NOBLE ELEVATOR COMPANY INC., SHAWN'S LAWNS INC., VSP MECHANICAL INC., GEBERTH ELECTRIC INC., GAC BUILDERS LTD., BRIDGE MECHANICAL CORPORATION, AND UPPER RESTORATION, INC.**

Sophia L. Cahill, Esq., hereby declares as follows:

1. I am a member of the Bar of this Court and I am an associate at the law firm of Sheppard, Mullin, Richter & Hampton LLP, attorneys for plaintiff LMREC III Note Holder, Inc. ("Plaintiff") in the above-entitled action, and I am familiar with all the facts and circumstances in this action.

2. I make this declaration pursuant to Fed. R. Civ. P. § 55, Rule 55.1 of the Local Civil Rules for the Southern District of New York, and pursuant to the Individual Rules of Practice of the Honorable Kenneth M. Karas, as well as this Court's Individual Rules of Practice for Default Judgment Proceedings, in support of Plaintiff's Order to Show Cause for Default Judgment against

defendants Noble Elevator Company ("Noble"), Shawn's Lawns Inc. ("Shawn's Lawns"), VSP Mechanical Inc. ("VSP"), Geberth Electrical Inc. ("Geberth"), GAC Builders LTD. ("GAC"), Bridge Mechanical Corporation ("Bridge Mechanical"), and Upper Restoration, Inc. ("Upper Restoration") (collectively, the "Non-Answering Defendants").

3. In addition to the exhibits submitted herewith, in accordance with Rule 2 of this Court's Individual Rules of Practice for Default Judgment Proceedings, the Court's attention is called to certain of the following documents, attached hereto or submitted herewith:

| **Document** | **Exhibit** |
|---|---|
| Complaint | 1 |
| Summons | 2 |
| Notice of Pendency | 3 |
| Amended Complaint | 4 |
| Answer of Hudson EFT, LLC Guido Subotovsky, and Hugo Subotovsky | 5 |
| Answer of Samuel Gaccione and William Clarke | 6 |
| Affidavits of Service of Original Summons and Complaint | 7-13 |
| Affidavits of Service of Amended Complaint | 14-20 |
| Certificates of Default for Noble, VSP, Geberth, GAC, Bridge Mechanical, and Upper Restoration | 21 |
| Certificate of Default for Shawn's Lawns | 22 |
| September 1, 2022 Opinion and Order by the Honorable Kenneth M. Karas | 23 |
| Statement of Damages | 24 |
| Proposed Order for Default Judgment | 25 |

## BACKGROUND AND PROCEDURAL HISTORY
## RELEVANT TO DEFAULT JUDGMENT

4. Plaintiff commenced this foreclosure action by filing a complaint (the "Complaint") on July 1, 2020. A copy of the Complaint is annexed as **Exhibit 1**.

5. Electronic summons were issued as to all named Defendants on July 2, 2020. Copies of each of the summons are annexed hereto as **Exhibit 2.**

6. The Notice(s) of Pendency were filed on July 6, 2020, copies of which are annexed as **Exhibit 3**.

7.     Plaintiff subsequently obtained leave to amend its Complaint and thereafter filed an Amended Complaint on September 4, 2020 (the "Amended Complaint"), a copy of which is annexed as **Exhibit 4**.  Accordingly, the Amended Complaint is the operative complaint in this matter.

8.     Defendants Hudson EFT LLC ("Borrower"), Guido Subotovsky and Hugo Subotovsky filed their answer on November 30, 2020 (the "Borrower Answer"), a copy of which is annexed as **Exhibit 5**.

9.     Defendants William Gaccione and Samuel Clarke filed their answer on November 30, 2020 (the "Gaccione and Clarke Answer"), a copy of which is annexed as **Exhibit 6**.

10.    In accordance with 2(c)(i) of this Court's Individual Rules of Practice for Default Judgment Proceedings, as set forth herein, a default judgment is appropriate as to the Non-Answering Defendants because (1) they have failed to answer, appear, or otherwise move in response to the Complaint and/or Amended Complaint; (2) certificates of default have been entered by the clerk of court; and (3) under New York law, a default judgment against such parties to a foreclosure action is appropriate where the complaint alleges 'nominal liability—i.e., that any judgments the Defaulting Defendants may have against the debtor . . . are subordinate to the Plaintiff's lien.

11.    Additionally, and in further accordance with 2(c)(i) of this Court's Individual Rules of Practice for Default Judgment Proceedings, Plaintiff has provided a description of the method and date of service of the original summons and complaint for each of the Non-Answering Defendants as set forth below.

***A.  Service of the Original Summons and Complaint***

12. A copy of the Summons and Complaint was served on defendant Noble on August 12, 2020, by service upon the New York Secretary of State and proof of service by the Process Server was filed on August 20, 2020. A copy of the affidavit of service of the original summons and complaint as served on Noble is annexed hereto as **Exhibit 7**.

13. A copy of the Summons and Complaint was served on defendant Shawn's Lawns on August 11, 2020, by service upon Sean M. Wendell, Registered Agent, and proof of service was filed on August 18, 2021. A copy of the affidavit of service of the original summons and complaint as served on Shawn's Lawns is annexed hereto as **Exhibit 8**.

14. A copy of the Summons and Complaint was served on defendant VSP on August 12, 2020, by service upon the New York Secretary of State and proof of service by the Process Server was filed on August 20, 2020. A copy of the affidavit of service of the original summons and complaint as served on VSP is annexed hereto as **Exhibit 9**.

15. A copy of the Summons and Complaint was served on defendant Geberth on August 12, 2020, by service upon the New York Secretary of State and proof of service by the Process Server was filed on August 20, 2020. A copy of the affidavit of service of the original summons and complaint as served on Geberth is annexed hereto as **Exhibit 10**.

16. A copy of the Summons and Complaint was served on defendant GAC on August 12, 2020, by service upon the New York Secretary of State and proof of service by the Process Server was filed on August 20, 2020. A copy of the affidavit of service of the original summons and complaint as served on GAC is annexed hereto as **Exhibit 11**.

17. A copy of the Summons and Complaint was served on defendant Bridge Mechanical on August 12, 2020, by service upon the New York Secretary of State and proof of service by the Process Server was filed on August 20, 2020. A copy of the affidavit of service of

the original summons and complaint as served on Bridge Mechanical is annexed hereto as **Exhibit 12**.

18. A copy of the Summons and Complaint was served on defendant Upper Restoration on August 12, 2020, by service upon the New York Secretary of State and proof of service by the Process Server was filed on August 20, 2020. A copy of the affidavit of service of the original summons and complaint as served on Upper Restoration is annexed hereto as **Exhibit 13**.

### B. Service of the Amended Complaint

19. A copy of the Amended Complaint was served on defendant Noble on September 14, 2020, by service upon the New York Secretary of State, and proof of service by the Process Server was filed on October 7, 2020. A copy of the affidavit of service of Amended Complaint as served on Noble is annexed hereto as **Exhibit 14**.

20. A copy of the Amended Complaint was served on defendant Shawn's Lawns on September 15, 2020, by Electronic Mail upon Attorney for Shawn's Lawns Inc., and proof of service by the undersigned was filed on August 23, 2021. A copy of the affirmation of service of the Amended Complaint as served on Shawn's Lawns is annexed hereto as **Exhibit 15**.

21. A copy of the Amended Complaint was served on defendant VSP on September 14, 2020, by service upon the New York Secretary of State, and proof of service by the Process Server was filed on October 7, 2020. A copy of the affidavit of service of the Amended Complaint as served on VSP is annexed hereto as **Exhibit 16**.

22. A copy of the Amended Complaint was served on defendant Geberth on September 14, 2020, by service upon the New York Secretary of State, and proof of service by the Process Server was filed on October 7, 2020. A copy of the affidavit of service of the Amended Complaint as served on Geberth is annexed hereto as **Exhibit 17**.

23. A copy of the Amended Complaint was served on defendant GAC on September 14, 2020, by service upon the New York Secretary of State, and proof of service by the Process Server was filed on October 7, 2020. A copy of the affidavit of service of the Amended Complaint as served on GAC is annexed hereto as **Exhibit 18**.

24. A copy of the Amended Complaint was served on defendant Bridge Mechanical on September 14, 2020, by service upon the New York Secretary of State, and proof of service by the Process Server was filed on October 7, 2020. A copy of the affidavit of service of the Amended Complaint as served on Bridge Mechanical is annexed hereto as **Exhibit 19**.

25. A copy of the Amended Complaint was served on defendant Upper Restoration on September 14, 2020, by service upon the New York Secretary of State, and proof of service by the Process Server was filed on October 7, 2020. A copy of the affidavit of service of the Amended Complaint as served on Upper Restoration is annexed hereto as **Exhibit 20**.

**C.  Relevant Procedural History Following Service of the Amended Complaint**

26. The Non-Answering Defendants were required to interpose an answer, appear on this matter, or otherwise move with respect to the Complaint or Amended Complaint.

27. The time for the Non-Answering Defendants to answer or otherwise move with respect to the complaint and amended complaint herein has expired. The Non-Answering Defendants have not answered or otherwise moved with respect to the Complaint or Amended Complaint, and the time for the Non-Answering Defendants to answer or otherwise move has not been extended.

28. None of the Non-Answering Defendants are infants or incompetents.

29. Accordingly, on August 19, 2021, the Clerk of Court entered Certificates of Default as and to Noble, VSP, Geberth, GAC, Bridge Mechanical, and Upper Restoration. Copies of the foregoing Certificates of Default are annexed hereto as **Exhibit 21**.

30. Additionally, on August 26, 2021, the Clerk of Court entered a Certificate of Default with respect to Shawn's Lawns, a copy of which is annexed hereto as **Exhibit 22**.

31. Following entry of each of the foregoing Certificates of Default, on September 1, 2021, Plaintiff filed a motion for summary judgment seeking, *inter alia*, summary judgment on Count I of the Amended Complaint for foreclosure. Plaintiff also requested this Court enter default judgments against each of the Non-Answering Defendants.

32. The Court entered an Opinion and Order (the "Order") granting Plaintiff's motion for summary judgment on Count I of the Amended Complaint for foreclosure. A copy of the September 1, 2022 Opinion and Order granting Plaintiff's request for summary judgment in part is annexed hereto as **Exhibit 23**.

33. In the Order, the Court denied without prejudice Plaintiff's motion for default judgment against each of the Non-Answering Defendants. (pp. 7-8, Exh. 23). As set forth in the Order, the Court explained that Plaintiff did not move for a default judgment by way of an Order to Show Cause as required by this Court's Individual Rules of Practice. (pp. 7-8, Exh. 23). The Court further instructed that Plaintiff could re-file its Motion for Default Judgment so that it complies with this Court's Individual Rules of Practice.

34. Accordingly, this application followed and is being made in accordance with this Court's Individual Rules of Practice for Default Judgment Proceedings.

**LEGAL ARGUMENT**

35.  Fed. R. Civ. P. 55 establishes a two-step process regarding default judgments. First, the Clerk of the Court enters the party's default. *See CIT Bank N.A. v. Langley*, No. 1:17-cv-1548 (ADS) (AKT), 2019 WL 6050258, at *5 (E.D.N.Y. Nov. 15, 2019). Then, as here, a request for default judgment is made to the district court. *Id.* A default constitutes admission of all well-pleaded factual allegations in the complaint, except for those relating to damages. *Id.* (citations omitted).

36.  The request for default judgment as it relates to the Non-Answering Defendants must be granted as Defendants' Noble, Shawn's Lawns, VSP, Geberth, GAC, Bridge Mechanical, and Upper Restoration's time to appear, answer, or otherwise move with respect to the Complaint and/or Amended Complaint has expired. Further, the foregoing Defendants have likewise failed to appear, answer, or otherwise move with respect to the Complaint and Amended Complaint in this action. Certificates of default have been issued against each of the Non-Answering Defendants. *See* Exhs. 21-22.

37.  Pursuant to Section 1311(3) of the RPAPL, Noble, Shawn's Lawns, VSP, Geberth, GAC, Bridge Mechanical, and Upper Restoration are necessary parties as New York law dictates that "every person having any lien or incumbrance on the real property which is claimed to be subject and subordinate to the lien of the plaintiff" must be named as a party to the foreclosure action. RPAPL § 1311(3); *see also Gustavia Home, LLC v. White*, No. 1:16-CV-6926 (CBA) (RER), 2017 WL 6403071, at *5 (E.D.N.Y. Apr. 28, 2017) (Reyes, M.J.). State law requires naming those parties because a foreclosure action extinguishes the rights of all parties with subordinate interests in the property. *Gustavia Home, LLC*, 2017 WL 6403071, at *3. A default judgment against such parties "is appropriate where the complaint alleges 'nominal liability—i.e.,

that any judgments the Defaulting Defendants may have against the debtor . . . are subordinate to the [P]laintiff's lien.'" *Bank of Am., N.A. v. 3301 Atlantic LLC*, No. 10-CV-5204 (FB), 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012).

38. Here, and as set forth in Paragraph 73 of the Amended Complaint, Plaintiff stated that "all Defendants have or claim to have some interest or lien upon the Property or some part of the Property which interest or lien, if any, is subsequent and subordinate to the lien of the Security Instrument." (Exh. 1, ¶ 73). Each of the Non-Answering Defendants VSP, Noble, Geberth, Upper Restoration, GAC, Bridge Mechanical, and Shawn's Lawns are necessary parties as they allegedly hold interests in the Property which are subordinate to those interests of Plaintiff. Accordingly, Plaintiff's request for default judgment should be granted as to VSP, Noble, Geberth, Upper Restoration, GAC, Bridge Mechanical, and Shawn's Lawns.

39. In accordance with Rule 2(c)(ii) of this Court's Individual Rules of Practice for Default Judgment Proceedings, as the default is applicable to fewer than all of the defendants in this action, the Court may appropriately order a default judgment on the issue of liability and/or damages prior to the resolution of the entire action for the reasons set forth herein. Further, the Court granted Plaintiff's motion for summary judgment on Count I of the Amended Complaint for foreclosure, and in order to proceed with foreclosure proceedings, a default judgment must be entered against each of the Non-Answering Defendants.

40. In accordance with Rule 2(c)(iii) of this Court's Individual Rules of Practice for Default Judgment Proceedings, the proposed damages for each of the Non-Answering Defendants is zero dollars ($0.00) and as set forth in the Statement of Damages annexed hereto as **Exhibit 24**. As no damages are sought against the Non-Answering Defendants, an inquest is not necessary.

41. To the extent the Court requires legal authority for why an inquest would be unnecessary pursuant to Rule 2(c)(iv) of this Court's Individual Rules of Practice for Default Judgment Proceedings, as the damages amount is for a sum certain of $0.00, an inquest is not required. *Fustok v. ContiCommodity Serv., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989) ("[a]lthough the [C]ourt must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing."); *see Tamarin v. Adam Caterers, Inc.,* 13 F.3d 51, 54 (2d Cir. 1993) (internal citations omitted). Under Rule 55(b)(2) "it [is] not necessary for a District Court to hold a hearing, as long as it [is] ensured that there was a basis for the damages specified in the default judgment." *Fustok*, 873 F.2d at 40.

42. The Court may "still satisfy itself that the plaintiff has established a sound legal basis upon which liability may be imposed." *1199 SEIU United Healthcare Workers E. v. S. Bronx Mental Health Council, Inc.*, 2013 U.S. Dist. LEXIS 161864, *3–4 (S.D.N.Y. Nov. 13, 2013). However, it need not make the determination through a hearing. *Id*. The Second Circuit has approved holding of an inquest by affidavit, without an in-person court hearing, as long as the Court has "ensured that there was a basis for the damages specified in the default judgment." *Martinez v. Alimentos Saludables Corp.*, 2017 U.S. Dist. LEXIS 156657, *29 (E.D.N.Y. Sep. 22, 2017), adopted 2017 U.S. Dist. LEXIS 174714 (E.D.N.Y. Oct. 18, 2017) (internal citations omitted).

43. In circumstances such as the case at bar, Fed. R. Civ. P. Rule 55(b)(2) does not require a hearing devoted to the issue of damages. *See 3301 Atlantic LLC*, 2012 WL 2529196, at *14. Accordingly, Plaintiff's request for default judgment must be granted.

44. This is Plaintiff's second request for default judgments to be entered against Defendants Noble, Shawn's Lawns, VSP, Geberth, GAC, Bridge Mechanical, and Upper

Restoration. The Court previously denied Plaintiff's request for default judgment, *without prejudice*, permitting Plaintiff to file an application in accordance with this Court's Individual Rules of Practice for Default Judgment Procedures. (p. 20, Exh. 23).

## CONCLUSION

45. For the foregoing reasons, Plaintiff respectfully requests the Court enter judgment in favor of Plaintiff and against the Non-Answering Defendants as set forth in Plaintiff's Proposed Order for a Default Judgment submitted herewith as **Exhibit 25**.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 14, 2022.

*/s/ Sophia L. Cahill*
Sophia L. Cahill, Esq.