**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

LMREC III NOTE HOLDER, INC.,                                  :

                                               :    No.  7:20-cv-05063

                         Plaintiff,                 :    (KMK)(PED)

                                                :

                                                :

                      -against-                 :

                                                :

HUDSON EFT LLC, GUIDO SUBOTOVSKY,           :
SAMUEL GACCIONE, HUGO SUBOTOVSKY,           :
WILLIAM CLARKE, NOBLE ELEVATOR              :
COMPANY INC., SHAWN'S LAWNS INC., VSP       :
MECHANICAL INC., GEBERTH ELECTRIC INC.,     :
GAC BUILDERS LTD., BRIDGE MECHANICAL        :
CORPORATION, UPPER RESTORATION, INC.,       :
AND JOHN DOE #1 THROUGH JOHN DOE #10,       :

                                                :

                       Defendants.              :

---------------------------------------------------------------- x

 

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>PLAINTIFF'S ORDER TO SHOW CAUSE FOR DEFAULT JUDGMENT</u>**

 

**SHEPPARD, MULLIN, RICHTER &**
**HAMPTON LLP**
Michael T. Driscoll, Esq.
Sophia L. Cahill, Esq.
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 653-8700
Fax: (212) 653-8701
E-mail: mdriscoll@sheppardmullin.com
              scahill@sheppardmullin.com

*Attorneys for Plaintiff*

## <u>TABLE OF CONTENTS</u>

**Page**

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ...............................................1

ARGUMENT .................................................................................................................................3

    Default Judgment as to Non-Answering Defendants.........................................................3

CONCLUSION............................................................................................................................5

## <u>TABLE OF AUTHORITIES</u>

Page(s)

<u>Cases</u>

*1199 SEIU United Healthcare Workers East v. South Bronx Mental Health Council, Inc.*
  2013 U.S. Dist. LEXIS 161864 (S.D.N.Y. Nov. 13, 2013) ......................................................5

*Bank of Am., N.A. v. 3301 Atlantic LLC*
  No. 10-CV-5204, 2012 WL 2529196 (E.D.N.Y. June 29, 2012) .............................................4

*CIT Bank NA v. Langley*
  No. 1:17-cv-1548 (ADS) (AKT), 2019 WL 6050258 (E.D.N.Y. Nov. 15, 2019).....................3

*Fustok v. ContiCommodity Services, Inc.*
  873 F.2d 38 (2d Cir. 1989)........................................................................................................5

*Garden City Boxing Club, Inc. v. Morales*
  2005 WL 2476264 (E.D.N.Y. Oct. 7, 2005) .............................................................................3

*Gustavia Home, LLC v. White*
  No. 16-CV-6926, 2017 WL 6403071 (E.D.N.Y. Apr. 28, 2017) .............................................4

*Martinez v. Alimentos Saludables Corp.*
  2017 U.S. Dist. LEXIS 156657 (E.D.N.Y. Sep. 22, 2017).......................................................5

*OneWest Bank, N.A. v. Marchassalla*
  2016 U.S.Dist. LEXIS 139880 (E.D.N.Y. Sept. 30, 2016)........................................................3

*Tamarin v. Adam Caterers*
  13 F.3d 51 (2d Cir. 1993)..........................................................................................................5

<u>Statutes</u>

RPAPL ....................................................................................................................................................4

RPAPL § 1311(3) ...............................................................................................................................3, 4

<u>Other Authorities</u>

Fed. R. Civ. P. § 55 ...............................................................................................................................3

Fed. R. Civ. P. § 55(b) ...........................................................................................................................3

Individual Rules of Practice for Default Judgment Proceedings, Rule 2(c)(iii) ............................4

Plaintiff LMREC III Note Holder, Inc. ("Plaintiff"), submits this memorandum of law in support of its motion (the "Motion"), pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 55 and this Court's Individual Rules of Practice for Default Judgment Proceedings, requesting this Court enter default judgment as to non-appearing Defendants Noble Elevator Company, Inc. ("Noble"), Shawn's Lawns, Inc. ("Shawn's Lawns"); VSP Mechanical, Inc. ("VSP"), Geberth Electric, Inc. ("Geberth"), GAC Builders Ltd. ("GAC"), Bridge Mechanical Corporation ("Bridge Mechanical"), and Upper Restoration, Inc. ("Upper Restoration", and together with Noble, Shawn's Lawns, VSP, Geberth, GAC, Bridge Mechanical, and Upper Restoration, the "Non-Answering Defendants"); and granting such other and further relief as this Court deems just and proper.  In support of the Motion, Plaintiff submits the Declaration of Sophia L. Cahill, dated September 13, 2021 ("Cahill Dec."), as well as the accompanying exhibits thereto. For the reasons set forth below, the Plaintiff's Motion must be granted.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

For a full and complete recitation of the pertinent factual and procedural background, the Court is respectfully referred to the Cahill Dec.  However, by way of brief background, Plaintiff respectfully states as follows.

Plaintiff commenced this foreclosure action by filing a complaint (the "Complaint") on July 1, 2020.  (Cahill Dec., ¶ 4, Exh. 1). The underlying action involves real properly located at and commonly referred to as 80 Main Street, Ossining, New York, located in the County of Westchester, and identified as Section 97.7, Block 2, Lots 1 and 5 (the "Property"). (Cahill Dec., Exh. 1, ¶ 1)  As is required under New York law, Plaintiff filed the notice of pendency on July 6, 2020, and attached to the Cahill Dec. as **Exhibit 3**.  (Cahill Dec., ¶ 6).  Plaintiff subsequently obtained leave to amend the Complaint and thereafter filed an Amended Complaint on September 4, 2020 (the "Amended Complaint").  (Cahill Dec., ¶ 7).  A copy of the Amended Complaint is

annexed to the Cahill Dec. as **Exhibit 4**.  Defendants Borrower, G. Subotovsky, and H. Subotovsky

filed their Answer on November 30, 2020, a copy of which is annexed to the Cahill Dec. as **Exhibit**

**5**.  (Cahill Dec., ¶ 8).  Defendants Gaccione and Clarke filed  their Answer on November 30, 2020,

a copy of which is annexed to the Cahill Dec. as **Exhibit 6**.  (Cahill Dec., ¶ 9).

Additionally, several of the named defendants have not appeared in this action.  As such,

on August 19, 2021, the Clerk of Court entered Certificates of Default as to non-answering

Defendants VSP, Upper Restoration, Noble, Geberth, GAC, and Bridge Mechanical.  (Cahill Dec.,

¶¶ 29; Exh. 21).  On August 26, 2021, the Clerk of Court entered a Certificate of Default with

respect to Shawn's Lawns. (Cahill Dec., ¶ 30, Exh. 22).  Accordingly, Plaintiff seeks entry of a

default judgment against each of VSP, Upper Restoration, Noble, Geberth, GAC, Bridge

Mechanical, and Shawn's Lawns.

Following entry of each of the foregoing Certificates of Default, on September 1, 2021,

Plaintiff filed a motion for summary judgment seeking, *inter alia*, summary judgment on Count I

of the Amended Complaint for foreclosure.  Plaintiff also requested this Court enter default

judgments against each of the Non-Answering Defendants.  On September 1, 2022, the Court

entered an Opinion and Order (the "Order") granting Plaintiff's motion for summary judgment on

Count I of the Amended Complaint for foreclosure.  A copy of the Order granting Plaintiff's

request for summary judgment in part is annexed to the Cahill Dec. as **Exhibit 23**.

In the Order, the Court denied without prejudice Plaintiff's motion for default judgment

against each of the Non-Appearing Defendants. (pp. 7-8, Exh. 23). As set forth in the Order, the

Court explained that Plaintiff did not move for a default judgment by way of an Order to Show

Cause as required by this Court's Individual Rules of Practice for Default Judgment Proceedings.

(pp. 7-8, Exh. 23). The Court further instructed that Plaintiff could re-file its Motion for Default

Judgment so that it complies with this Court's Individual Rules of Practice.  Accordingly, this Motion ensued.

## <u>ARGUMENT</u>

### Default Judgment as to Non-Answering Defendants

Fed. R. Civ. P. 55 establishes a two-step process regarding default judgments.  First, the Clerk of the Court enters the party's default.  *See CIT Bank NA v. Langley*, No. 1:17-cv-1548 (ADS) (AKT), 2019 WL 6050258, at *5 (E.D.N.Y. Nov. 15, 2019). Once the Clerk's Certificate of Default is issued, the moving party may then make an application for entry of a default judgment pursuant to Fed. R. Civ. P. § 55(b).  A default judgment entered on the well-pleaded allegations in the complaint establishes a defendant's liability.  *Garden City Boxing Club, Inc. v. Morales*, 2005 WL 2476264, at *3 (E.D.N.Y. Oct. 7, 2005) (citing *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 854 (2d Cir. 1995)); *OneWest Bank, N.A. v. Marchassalla*, 2016 U.S.Dist. LEXIS 139880, at *13-14 (E.D.N.Y. Sept. 30, 2016).

The request for default judgment as it relates to the Non-Answering Defendants must be granted as Defendants VSP, Upper Restoration, Noble, Geberth, Bridge Mechanical, GAC, and Shawn's Lawns' time to appear, answer, or otherwise move with respect to the Complaint and/or Amended Complaint has expired.  Further, the foregoing Defendants have likewise failed to appear, answer, or otherwise move with respect to the Complaint and Amended Complaint in this action.  Furthermore, certificates of default have been issued against each of the non-appearing Defendants. (*See* Cahill Dec., ¶¶ 8-9; *see also* Cahill Dec., Exhs. 21-22).

Pursuant to Section 1311(3) of the RPAPL, VSP, Upper Restoration, Noble, Geberth, Bridge Mechanical, GAC, and Shawn's Lawns are necessary parties as New York law dictates that "every person having any lien or incumbrance on the real property which is claimed to be subject and subordinate to the lien of the plaintiff" must be named as a party to the foreclosure action.

RPAPL § 1311(3); *see also Gustavia Home, LLC v. White*, No. 16-CV-6926, 2017 WL 6403071, at *5 (E.D.N.Y. Apr. 28, 2017) (Reyes, M.J.).  State law requires naming those parties because a foreclosure action extinguishes the rights of all parties with subordinate interests in the property. *Gustavia Home, LLC*, 2017 WL 6403071, at *3.  A default judgment against such parties "is appropriate where the complaint alleges 'nominal liability—i.e., that any judgments the Defaulting Defendants may have against the debtor . . . are subordinate to the Plaintiff's lien.'"  *Bank of Am., N.A. v. 3301 Atlantic LLC*, No. 10-CV-5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012).

Here, and as set forth in Paragraph 73 of the Amended Complaint, Plaintiff stated that "all Defendants have or claim to have some interest or lien upon the Property or some part of the Property which interest or lien, if any, is *subsequent and subordinate* to the lien of the Security Instrument."  (*See* Cahill Dec., Exh. 1, ¶ 73) (emphasis added).  Each of the Non-Answering Defendants VSP, Noble, Geberth, Upper Restoration, GAC, Bridge Mechanical, and Shawn's Lawns are necessary parties pursuant to the RPAPL as they allegedly hold interests in the Property which are subordinate to those interests of Plaintiff.  The goal of a foreclosure action such as this, is to extinguish the rights of the foregoing defendants, which have subordinate interests in the Property to that of Plaintiff, so as to guarantee clean title to the purchaser at the time of sale.  As a result, in order to extinguish the rights of these junior lienors, default judgment in favor of Plaintiff and against each VSP, Noble, Geberth, Upper Restoration, GAC, Bridge Mechanical, and Shawn's Lawns, is required.

Additionally, and in accordance with Rule 2(c)(iii) of this Court's Individual Rules of Practice for Default Judgment Proceedings, the proposed damages for each of the Non-Answering Defendants is zero dollars ($0.00).  *See* Exh. 24, Cahill Dec.  As no damages are sought against the Non-Answering Defendants, and the Complaint alleges nominal liability in that any judgments

the Non-Answering Defendants may have against the debtor are subordinate to Plaintiff's mortgage, an inquest is not necessary. *See e.g., Fustok v. ContiCommodity Services, Inc.* 873 F.2d 38, 40 (2d Cir. 1989) ("although the Court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing."); *Tamarin v. Adam Caterers,* 13 F.3d 51, 54 (2d Cir. 1993) (internal citations omitted); *see also 1199 SEIU United Healthcare Workers East v. South Bronx Mental Health Council, Inc.*, 2013 U.S. Dist. LEXIS 161864, *3–4 (S.D.N.Y. Nov. 13, 2013) (the court may "still satisfy itself that the plaintiff has established a sound legal basis upon which liability may be imposed", though it need not make the determination through a hearing); *Martinez v. Alimentos Saludables Corp.*, 2017 U.S. Dist. LEXIS 156657, *29 (E.D.N.Y. Sep. 22, 2017), adopted 2017 U.S. Dist. LEXIS 174714 (E.D.N.Y. Oct. 18, 2017) (internal citations omitted) ("The Second Circuit has approved holding of an inquest by affidavit, without an in-person court hearing, as long as the Court has ensured that there was a basis for the damages specified in the default judgment.").

Here, entry of a default judgment against the Non-Answering Defendants is appropriate, and an inquest is *not* required, as the complaint alleges nominal liability in that any judgments the Non-Answering Defendants may have against the Borrower in this case are subordinate to Plaintiff's lien. Accordingly, an inquest on the issue of damages is *not* required and Plaintiff's request for default judgment should be granted as to VSP, Noble, Geberth, Upper Restoration, GAC, Bridge Mechanical, and Shawn's Lawns.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court enter an Order granting Plaintiff's Motion in its entirety and entering default judgment as to non-appearing

Defendants VSP, Upper Restoration, Noble, Geberth, GAC, Bridge Mechanical, and Shawn's

Lawns, and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       September 14, 2022

                              Respectfully submitted,

                              **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

                              By:  */s/ Sophia L. Cahill*
                                   Sophia L. Cahill
                                   Michael T. Driscoll
                                   30 Rockefeller Plaza
                                   New York, New York 10112
                                   Tel.: (212) 653-8700
                                   *Attorneys for Plaintiff*