UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

LMREC III NOTE HOLDER, INC.,

                Plaintiff,

-against-

HUDSON EFT LLC, GUIDO SUBOTOVSKY, SAMUEL GACCIONE, HUGO SUBOTOVSKY, WILLIAM CLARKE, NOBLE ELEVATOR COMPANY INC., SHAWN'S LAWNS INC., VSP MECHANICAL INC., GEBERTH ELECTRIC INC., GAC BUILDERS LTD., BRIDGE MECHANICAL CORPORATION, UPPER RESTORATION, INC., AND JOHN DOE #1 THROUGH JOHN DOE #10,

                Defendants.

------------------------------------------------------------------ x

No. 7:20-cv-05063 (KMK)(PED)

PROPOSED DEFAULT JUDGMENT

Before the Court is Plaintiff LMREC III Note Holder, Inc.'s ("Plaintiff") motion for default judgment against Defendants Noble Elevator Company Inc. ("Noble"), Shawn's Lawns Inc. ("Shawn's Lawns"), VSP Mechanical Inc. ("VSP"), Geberth Electric Inc. ("Geberth"), GAC Builders LTD. ("GAC"), Bridge Mechanical Corporation ("Bridge Mechanical"), and Upper Restoration, Inc. ("Upper Restoration"), pursuant to Fed. R. Civ. P. § 55 and Local R. Civ. P. § 55, filed on September 14, 2022.

**WHEREAS**, this action was commenced by the filing of the Complaint on the 1st day of July, 2020, with the Summons issued the 2nd day of July, 2020, and Notices of Pendency filed in this action on the 6th day of July, 2020, the Amended Complaint, filed in this action on the 4th day of September, 2020;

**WHEREAS**, a copy of the Summons and Complaint was served on defendant Noble on August 12, 2020, by service upon the New York Secretary of State and proof of service by the Process Server was filed on August 20, 2020;

**WHEREAS**, a copy of the Summons and Complaint was served on defendant Shawn's Lawns on August 11, 2020, by service upon Sean M. Wendell, Registered Agent, and proof of service was filed on August 18, 2021;

**WHEREAS**, a copy of the Summons and Complaint was served on defendant VSP on August 12, 2020, by service upon the New York Secretary of State and proof of service by the Process Server was filed on August 20, 2020;

**WHEREAS**, a copy of the Summons and Complaint was served on defendant Geberth on August 12, 2020, by service upon the New York Secretary of State and proof of service by the Process Server was filed on August 20, 2020;

**WHEREAS**, a copy of the Summons and Complaint was served on defendant GAC on August 12, 2020, by service upon the New York Secretary of State and proof of service by the Process Server was filed on August 20, 2020;

**WHEREAS**, a copy of the Summons and Complaint was served on defendant Bridge Mechanical on August 12, 2020, by service upon the New York Secretary of State and proof of service by the Process Server was filed on August 20, 2020;

**WHEREAS**, a copy of the Summons and Complaint was served on defendant Upper Restoration on August 12, 2020, by service upon the New York Secretary of State and proof of service by the Process Server was filed on August 20, 2020;

**WHEREAS**, a copy of the Amended Complaint was served on defendant Noble on September 14, 2020, by service upon the New York Secretary of State, and proof of service by the Process Server was filed on October 7, 2020;

**WHEREAS**, a copy of the Amended Complaint was served on defendant Shawn's Lawns on September 15, 2020, by Electronic Mail upon Attorney for Shawn's Lawns Inc., and proof of service by the Attorney Affirmation of Sophia L. Cahill was filed on August 23, 2021;

**WHEREAS**, a copy of the Amended Complaint was served on defendant VSP on September 14, 2020, by service upon the New York Secretary of State, and proof of service by the Process Server was filed on October 7, 2020;

**WHEREAS**, a copy of the Amended Complaint was served on defendant Geberth on September 14, 2020, by service upon the New York Secretary of State, and proof of service by the Process Server was filed on October 7, 2020;

**WHEREAS**, a copy of the Amended Complaint was served on defendant GAC on September 14, 2020, by service upon the New York Secretary of State, and proof of service by the Process Server was filed on October 7, 2020;

**WHEREAS**, a copy of the Amended Complaint was served on defendant Bridge Mechanical on September 14, 2020, by service upon the New York Secretary of State, and proof of service by the Process Server was filed on October 7, 2020;

**WHEREAS**, a copy of the Amended Complaint was served on defendant Upper Restoration on September 14, 2020, by service upon the New York Secretary of State, and proof of service by the Process Server was filed on October 7, 2020;

**WHEREAS**, Noble, Shawn's Lawns, VSP, Geberth, GAC, Bridge Mechanical, and Upper Restoration were required to interpose an answer, appear on this matter, or otherwise move with respect to the Complaint or Amended Complaint;

**WHEREAS**, the time for the Noble, Shawn's Lawns, VSP, Geberth, GAC, Bridge Mechanical, and Upper Restoration to answer or otherwise move with respect to the complaint and amended complaint herein has expired and the foregoing defendants have not answered or otherwise moved with respect to the complaint or amended complaint, and the time for the Non-Answering Defendants to answer or otherwise move has not been extended;

**WHEREAS,** on August 19, 2021, the Clerk of Court entered Certificates of Default as and to Noble, VSP, Geberth, GAC, Bridge Mechanical, and Upper Restoration;

**WHEREAS**, on August 26, 2021, the Clerk of Court entered a Certificate of Default with respect to Shawn's Lawns;

**WHEREAS**, on September 1, 2021, and following entry of each of the foregoing Certificates of Default, Plaintiff filed a motion for summary judgment seeking, *inter alia*, summary judgment on Count I of the Amended Complaint for foreclosure. Plaintiff also requested this Court enter default judgments against each of the Non-Answering Defendants;

**WHEREAS**, on September 1, 2022, the Court entered an Opinion and Order (the "Order") granting Plaintiff's motion for summary judgment on Count I of the Amended Complaint for foreclosure;

**WHEREAS**, the Order denied without prejudice Plaintiff's motion for default judgment against Noble, Shawn's Lawns, VSP, Geberth, GAC, Bridge Mechanical, and Upper Restoration, but directed that Plaintiff may re-file any such application in accordance with this Court's Individual Rules of Practice for Default Judgment Proceedings;

**WHEREAS**, Plaintiff has complied with the rules for securing a default judgment as set forth in the Order to Show Cause for Default Judgment filed herewith. Accordingly, it is hereby

**ORDERED, ADJUDGED, AND DECREED**, Plaintiff's Motion by way of Order to Show Cause for Default Judgment as to Defendants Noble, Shawn's Lawns, VSP, Geberth, GAC, Bridge Mechanical, and Upper Restoration is GRANTED; and it is further

**ORDERED, ADJUDGED, AND DECREED**, the Plaintiff is awarded default judgment pursuant to Fed. R. Civ. P. § 55(b)(2); and it is further

**ORDERED, ADJUDGED AND DECREED**, that each of Defendants Noble, Shawn's Lawns, VSP, Geberth, GAC, Bridge Mechanical, and Upper Restoration, and all persons claiming under them, or any or either of them, after the filing of such Notice of Pendency of this action, be and they hereby are, barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said real property located at and commonly referred to as 80 Main Street, Ossining, New York, located in the County of Westchester, and identified as Section 97.7, Block 2, Lots 1 and 5, and each and every part thereof.

**ENTER:**

_____
**JUDGE KENNETH M. KARAS**
**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

Dated:_____
         White Plains, New York