UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
LMREC III NOTE HOLDER, INC.,

              Plaintiff,

-against-

HUDSON EFT LLC, GUIDO SUBOTOVSKY,
SAMUEL GACCIONE, HUGO SUBOTOVSKY,
WILLIAM CLARKE, NOBLE ELEVATOR
COMPANY INC., SHAWN'S LAWNS INC., VSP
MECHANICAL INC., GEBERTH ELECTRIC INC.,
GAC BUILDERS LTD., BRIDGE MECHANICAL
CORPORATION, UPPER RESTORATION, INC.,
AND JOHN DOE #1 THROUGH JOHN DOE #10,

              Defendants.
-------------------------------------------------------------------- x

No. 7:20-cv-05063
(KMK)(PED)

## JUDGMENT OF FORECLOSURE AND SALE

Kenneth M. Karas, D.J.

      On the Complaint filed in this action on the 1st day of July, 2020, the Summons issued the 2nd day of July, 2020, and Notices of Pendency filed in this action on the 6th day of July, 2020, the Amended Complaint, filed in this action on the 4th day of September, 2020; the Notice of Motion (the "Motion") of Plaintiff LMREC III Note Holder, Inc. ("Plaintiff") for Summary Judgment dated September 1, 2021, the Statement of Material Facts Pursuant to Local Rule 56.1, dated September 1, 2021, the Declaration of Lukas P. Mehring, dated September 1, 2021, including an itemization of the sum of the amounts owed to Plaintiff, and the exhibits annexed thereto, the Declaration of Robert S. Friedman, Esq. dated September 1, 2021 and the exhibits annexed thereto; Plaintiff's Memorandum of Law, dated September 1, 2021; the opposition papers of Defendant Hudson EFT LLC ("Borrower"), Guido Subotovsky, Hugo Subotovsky, William Clarke, and

Samuel Gaccione, filed on October 6, 2021; and the reply papers filed by Plaintiff on October 27, 2021; from which it appears this action was brought to foreclose a certain mortgage on real property located at 80 Main Street, Ossining, New York 10562 in the County of Westchester, State of New York (the "Property"); and after due deliberation having been had thereon, this Court granted in part and denied without prejudice in part Plaintiff's Motion as set forth in the Opinion and Order by the Honorable Kenneth M. Karas dated September 1, 2022 (the "Opinion and Order"), pursuant to Federal Rule of Civil Procedure 56 and Local Rule of Civil Procedure 56.1; and

UPON the findings of fact and the conclusions of law as set forth by the Court in the Opinion and Order dated September 1, 2022; and

UPON proof that each of the defendants[1] Hudson EFT, LLC, Guido Subotovksy, Hugo Subotovsky, Samuel Gaccione, and William Clarke herein has been duly served with the Summons and Complaint in this action, as well as the Amended Complaint in this action, and has voluntarily appeared either personally or by an attorney; and it appearing that more than the legally required number of days has elapsed since defendants Hudson EFT, LLC, Guido Subotovksy, Hugo Subotovsky, Samuel Gaccione, and William Clarke, were so served and/or appeared; and

Plaintiff has complied with the applicable rules for securing this Judgment of Foreclosure and Sale. Accordingly, the Clerk of Court is respectfully directed to enter this Judgment of Foreclosure and Sale against Defendant Borrower. It is further hereby:

ORDERED, ADJUDGED AND DECREED that Richard G. Fontana, Esq. with an address of the Law Office of Richard G. Fontana, 122 Westmoreland Ave., White Plains, NY 10606, and

---

[1] In accordance with Fed. R. Civ. P. 55 and this Court's Individual Rules of Practice for Default Judgment Proceedings, Plaintiff filed an Order to Show Cause requesting the Court enter default judgments against each of the following non-appearing defendants: Noble Elevator Company Inc. Shawn's Lawns Inc., VSP Mechanical Inc., Geberth Electric Inc., GAC Builders Ltd., Bridge Mechanical Corporation, and Upper Restoration, Inc.

telephone number of (914) 233-5150, is hereby appointed Referee (the "Referee"), in accordance with RPAPL § 1321, to compute the amount due to Plaintiff and to examine whether the mortgage property may be sold in parcels; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall compute and report within thirty (30) days of entry of this Judgment of Foreclosure and Sale, subject to further extensions at the discretion of the Court; and it is further

ORDERED, ADJUDGED AND DECREED that, if necessary, the Referee may take testimony pursuant to RPAPL § 1321; and it is further

ORDERED, ADJUDGED AND DECREED that by accepting this appointment, the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment") and §36.2 (d) ("Limitations on appointments based upon compensation"); and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without compliance with Part 36 of the Rules; and it is further

ORDERED, ADJUDGED AND DECREED that, pursuant to CPLR 8003(a) which sets the statutory fee of $350 and allows a greater fee in the discretion of the court, Plaintiff shall pay a fee of $500 (five hundred dollars) to the Referee for the computation of the amount due and upon the filing of the Referee's report and the Referee shall not request or accept additional compensation for the computation unless it has been fixed by the court in accordance with CPLR 8003(a); and it is further

ORDERED, ADJUDGED AND DECREED that upon the Referee's completion of the report as referenced herein, the Plaintiff shall promptly submit a letter motion to the Court requesting entry of a Supplemental Judgment of Foreclosure and Sale that will set forth and determine the amount due to Plaintiff and direct the sale of the Property and approve other necessary relief requested by Plaintiff; and it is further

ORDERED, ADJUDGED AND DECREED that Andrew L. Herz, Esq., who was duly appointed by the Court as Receiver (the "Receiver") pursuant to that certain *Order Appointing Receiver* (ECF No. 59) (the "Receiver Order"), shall remain the duly appointed Receiver through the closing of sale of the Property, or until otherwise discharged in accordance with the Receiver Order; and it is further

ORDERED, ADJUDGED AND DECREED, that the Property described in the Amended Complaint and as hereafter described in Schedule A, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this action as provided by the RPAPL be sold, within 90 days of the date of this Judgment, in one parcel, at a public auction at a location to be determined at the discretion of the Referee, and to occur by and under the direction of the Referee; that said Referee give public notice of the time and place of sale in accordance with RPAPL § 231 in the *Westchester Law Journal*; and it is further

ORDERED, ADJUDGED AND DECREED that if the Referee does not conduct the sale within 90 days of the date of the judgment, in accordance with CPLR 2004, the time fixed by RPAPL §1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representative is present at the sale or

the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representative; and it is further

ORDERED, ADJUDGED AND DECREED that at the time of sale the Referee shall accept a written bid from the Plaintiff or the Plaintiff's attorney, just as though Plaintiff were physically present to submit said bid; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall accept the highest bid offered by a bidder, who shall be identified upon the court record and who shall present government-issued photo identification to the Referee, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the Property, and pay to the Referee, in cash or certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase price shall be required; and it is further

ORDERED, ADJUDGED AND DECREED that, in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject Property or fails to immediately pay the ten percent (10%) deposit as required, the Property shall immediately and on the same day be reoffered at auction; and it is further

ORDERED, ADJUDGED AND DECREED, that, in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be had at the office of the Referee or at such other location as the Referee shall determine thirty (30) days after such sale unless otherwise stipulated by all parties to the sale, and that said Referee shall execute to the purchaser or purchasers a deed of the Property sold, and it is further

ORDERED, ADJUDGED AND DECREED, that in the event that such successful bidder shall fail to close on the date set by the Referee, then the successful bidder shall lose and forfeit its deposit, and it is further

ORDERED, ADJUDGED AND DECREED that, in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days after the date of such sale unless otherwise stipulated by all parties to the sale; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property at the time of sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

ORDERED, ADJUDGED AND DECREED, that said Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in any local banking institution insured by the FDIC and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository, and it is further

ORDERED, ADJUDGED AND DECREED, that said Referee on receiving the proceeds of such sale shall forthwith pay there from:

FIRST: The Referee's statutory fees for conducting the sale, in accordance with CPLR 8003(b), not to exceed $750.00. Plaintiff shall compensate the Referee in the sum of $350 for each adjournment or cancelation of the auction, unless the Referee caused the delay.

SECOND: The expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by him/her to be correct, duplicate copies of which shall be annexed to the Report of Sale.

THIRD: Pursuant to RPAPL § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the

Property by a city agency which have priority over the foreclosed mortgages, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment.

FOURTH:  Said Referee shall also pay to the Plaintiff or its attorneys the sum as set forth in a Supplemental Judgment of Foreclosure and Sale to be entered at a later date as requested pursuant to a subsequent letter motion submitted by Plaintiff.

FIFTH:  Surplus monies arising from the sale shall be paid into court by the Referee conducting the sale within five days after receipt in accordance with RPAPL §1354(4); and it is further

ORDERED, ADJUDGED AND DECREED that if the Plaintiff is the purchaser of the property, or in the event that the rights of the purchasers at such sale and the Terms of Sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof is filed with said Referee, said Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the Property sold upon the payment to said Referee of the amounts specified in items marked "First", "Second", and "Third" above; that the Referee shall allow the Plaintiff to pay the amounts specified in "Second" and "Third" above when it is recording the deed; that the balance of the bid, after deducting the amounts paid by the Plaintiff, shall be applied to the amount due Plaintiff as specified in paragraph "Fourth" above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "Fifth" above; and it is further

ORDERED, ADJUDGED AND DECREED that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale,

shall be paid by the purchaser, not by the Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law §1404; and it is further

ORDERED, ADJUDGED AND DECREED that if the sale proceeds distributed in accordance with paragraphs "First," "Second, "Third", and "Fourth" above are insufficient to pay Plaintiff the Amount Due per the Supplemental Judgment of Foreclosure and Sale, as set forth in paragraph "Fourth" above, Plaintiff may seek to recover a deficiency judgment in accordance with RPAPL § 1371 and/or as otherwise set forth by subsequent Order of the Court; and it is further

ORDERED, ADJUDGED AND DECREED that the Property is to be sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the Property is located and possible violations of same; any rights of tenants or persons in possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL §1354; any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale; and any rights pursuant to CPLR 317, 2003, and 5015, or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

ORDERED, ADJUDGED AND DECREED that the purchaser be let into possession of the property upon production in hand of the Referee's Deed or upon personal service of the Referee's deed in accordance with CPLR 308; and it is further

ORDERED, ADJUDGED AND DECREED that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the property after the filing

of the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, and interest in the Property after the sale of the Property; and it is further

ORDERED, ADJUDGED AND DECREED that within 30 days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the court, the Referee shall file with the clerk a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL §1355(1); and it is further

ORDERED, ADJUDGED AND DECREED that Plaintiff shall serve a copy of this Judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties or persons entitled to service, including the Referee appointed herein; and it is further

ORDERED, ADJUDGED AND DECREED that to ensure compliance herewith, Plaintiff shall file a written report with the court within six months from the date of entry of this judgment stating whether the sale has occurred and the outcome thereof; and it is further

Said Property is commonly known as 80 Main Street, Ossining, New York (Section 97.7, Block 2, Lots 1 and 5).

The legal description of the Property referred to herein is annexed hereto as **Schedule A**.

**ENTER**:

**Honorable Kenneth M. Karas**
**United Stated District Judge**
**For the Southern District of New York**

DATED: September 16, 2022

**Schedule A**

LEGAL DESCRIPTION OF LAND

ALL that certain parcel of land situate, lying and being in the Village and Town of Ossining, Westchester
County, New York, bounded and described as follows:

BEGINNING at a point on the easterly side of Main Street where same is intersected by the division line
between the premises being described herein and lands as shown on Filed Map No. 12031;

RUNNING THENCE, the following eleven (11) courses and distances along the easterly, southeasterly and
southerly sides of Main Street:

1. North 41 ° 57' 00" East, 41.08 feet
2. North 39° 33' 50" East, 64.10 feet
3. North 51 ° 39' 40" East, 23.65 feet
4. North 73° 16' 50" East, 10.67 feet
5. North 62° 05' 20" East, 4.57 feet
6. North 68° 02' 50" East, 10.46 feet
7. North 77° 55' 00" East, 14.34 feet
8. North 86° 53' 25" East, 29.86 feet
9. North 89° 08' 30" East, 97.54 feet
10. North 74° 27' 30" East, 5.08 feet and
11. North 81 ° 49' 30" East, 32.28 feet to lands now or formerly of Ossining Urban Renewal Agency;

THENCE

     South 48° 54' 50" West along said lands of Ossining Urban Renewal Agency, 27.97 feet;

THENCE

     South 46° 40' 10" West still along said lands of Ossining Urban Renewal Agency and along lands now or formerly of Karol Shane, 25.96 feet;

THENCE

     South 46° 20' 00" West still along said lands of Karol Shane and continuing along lands now or formerly of Carlos Arevalo, 9.09 feet;

THENCE, the following courses and distances along said lands of Carlos Arevalo:

1. South 39° 25' 00" West, 62.66 feet
2. South 13° 32' 40" West, 1.31 feet and

3. South 75° 22' 00" East, 113.67 feet to the westerly side of State Street, as widened;

THENCE

     South 14° 53' 30" West along the westerly side of State Street, 34.93 feet to lands now or formerly of Myrtle Smith;

THENCE, the following two (2) courses and distances along said lands of Myrtle Smith:

1. North 73° 19' 30" West, 113.00 feet and
2. South 13° 32' 40" West, 47.50 feet to lands now or formerly of Gloria and Silvio Patino;

THENCE

     South 13° 56' 00" West still along lands of Patino and continuing along lands now or formerly of Helen Williams, 69 .35 feet;

THENCE

     North 73° 55' 10" West still along said lands of Williams, 4.27 feet;

THENCE

     South 24° 56' 50" West still along lands of Williams and continuing along lands now or formerly of Galasso, lands now or formerly of Ridenhour, and lands now or formerly of Corinthian Temple Associations, Inc, 137.93 feet to lands now or formerly of Segundo Alvarez;

THENCE, the following Two (2) courses and distances along said lands of Alvarez:

1. North 78° 19' 00" West, 67.83 feet and
2. South 23 °50' 30" West, 60.51 feet to lands now or formerly of Bruce E. and Judith F. Gillespie;
THENCE

     North 59° 51' 00" West, 72.00 feet to lands now or formerly of Geraldine Scott;

THENCE
     North 61 ° 28' 15" West along said lands of Scott, 13.64 feet;

THENCE
     North 29° 31' 54" East still along said lands of Scott and continuing along lands as shown on Filed Map No. 12031, 253.36 feet;

THENCE
     North 71 ° 02' 00" West still along lands as shown on Filed Map No. 12031, 68.51 feet to the easterly side of Main Street and the point or place of BEGINNING.

SMRH:4855-9772-3953.4

TOGETHER with the benefits of a Right of Way Easement for ingress and egress as set forth in Liber 561
cp 80, as partially released by Liber 6557 cp 31, and as confirmed by Confirmation Easement recorded in
Liber 7274 cp 590.